UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jeremy Anderson, et al.,<br>Plaintiffs<br>v.<br>Clark County School District,<br>Defendant | Case No. 2:24-cv-01514-CDS-EJY<br>**Order Granting Motion for Voluntary Dismissal with Prejudice**<br>[ECF No. 64] |

Plaintiffs Jeremy Anderson, as guardian of the person and estate of W.A., and Juliana Anderson and defendant Clark County School District filed a stipulation to dismiss all claims. ECF No. 64. The stipulation is signed by counsel for the plaintiffs and the defendant, and it provides the claims are dismissed "in accordance with Federal Rule of Civil Procedure 41(a)(2)." *Id.* at 2. As such, the joint stipulation of dismissal is construed as a motion for voluntary dismissal by court order under Rule 41(a)(2).[1]

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." However, under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), and the rule expressly contemplates that the dismissal may be with prejudice if the court so specifies. *See id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2)

[1] The parties chose not to invoke Rule 41(a)(1)(A)(ii). Instead, they expressly invoked Rule 41(a)(2), which permits a plaintiff to dismiss an action by court order on terms the court considers proper. Plaintiffs rarely proceed under this rule because that provision permits the court to deny the request or impose conditions. Nonetheless, Rule 41(a) expressly provides that a plaintiff "*may* dismiss an action without a court order" by filing a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). The rule does not, however, *require* as much.

unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The parties' filing makes clear that they desire to end this litigation. Perhaps due to an oversight, they cite Rule 41(a)(2) instead of (a)(1). Nonetheless, as the defendant's counsel signed the stipulation, it appears the school district does not oppose dismissal, and the court cannot identify any prejudice that would result from dismissal. Finally, the court considers what terms, if any, should accompany dismissal. Here, the defendant proposes no terms or conditions be imposed on the plaintiffs, and the court finds none warranted. As to fees and costs, the parties have agreed to bear their own. ECF No. 64 at 2.

Accordingly, the parties' request to dismiss **[ECF No. 64] is granted**. All claims asserted against the defendant are dismissed with prejudice, with each party to bear its own fees and costs. The Clerk of Court is kindly instructed to close this case.

Dated: November 3, 2026

______________________________
Cristina D. Silva
United States District Judge